IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DENA LARIE CHRONISTER                                                     PLAINTIFF

vs.                                    Civil No. 2:15-cv-02174

CAROLYN W. COLVIN                                                     DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Dena Larie Chronister ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

Plaintiff protectively filed her disability application on August 17, 2009. (Tr. 8, 124-127). In her application, Plaintiff alleges being disabled due to fibromyalgia, back pain, neck pain, and shoulder pain. (Tr. 144). Plaintiff alleges an onset date of July 14, 2008. (Tr. 8). This application was denied initially and again upon reconsideration. (Tr. 60-61).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on her denied application, and that hearing request was granted. (Tr. 27-59). Plaintiff's first administrative hearing was held on August 4, 2010 in Fort Smith, Arkansas. *Id.* After that hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's DIB application. (Tr. 5-15). Thereafter, Plaintiff appealed that denial to this the U.S. District Court for the Western District of Arkansas. *See Chronister v. SSA,* 2:12-cv-02117 (W.D. Nov. 26, 2012). As a part of this appeal, the SSA requested Plaintiff's case be reversed and remanded for additional record development. *Id.* This request was granted, and Plaintiff's case was reversed and remanded. *Id.* ECF Nos. 8-9.

Subsequently, the ALJ held two additional administrative hearings, one on August 16, 2012 and one on September 23, 2014.[2] (Tr. 368-448). At Plaintiff's third hearing on September 23, 2014, Plaintiff was present and was represented by Iva Gibbons. (Tr. 368-399). Plaintiff and Vocational Expert ("VE") John Massey testified at this hearing. *Id.*

On May 8, 2015, after her third administrative hearing, the ALJ entered a fully unfavorable decision again denying Plaintiff's application. (Tr. 348-360). The ALJ determined Plaintiff met the insured status requirements of the Act through June 30, 2015. (Tr. 353, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her alleged onset date of July 14, 2008. (Tr. 353, Finding 2). The ALJ determined Plaintiff had the following severe impairments: fibromyalgia, mild osteoarthritis or degenerative joint disease of the thoracolumbar spine with chronic back pain, and a history of iron deficiency anemia. (Tr. 353-355, Finding 3).

---

[2] At the administrative hearing on August 16, 2012, Plaintiff testified she was forty-three (43) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c). (Tr. 405). As for her education, Plaintiff testified she graduated from high school and had approximately one year of college. *Id.*

The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 355, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 355-360, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform a wide range of light work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant is able to occasionally climb ramps and stairs, can never climb ladders, ropes and scaffolds, and can occasionally balance, stoop, kneel, crouch and crawl. In addition, she must avoid concentrated exposure to temperature extremes, humidity, wetness and hazards and cannot drive as a part of work.

*Id.*

The ALJ then considered whether Plaintiff retained the capacity to perform her Past Relevant Work ("PRW"). (Tr. 360, Finding 6). Considering her RFC, age, education, and work history, the ALJ determined Plaintiff retained the capacity to perform her PRW as a panty hose seam machine operator and inspector (light, semiskilled); and mail sorter (light, skilled). *Id.* Because Plaintiff retained the capacity to perform her PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from July 14, 2008 (alleged onset date) through May 8, 2015 (date of the ALJ's decision). *Id.*

Thereafter, on August 31, 2015, Plaintiff filed her Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 5, 8, 10. This case is now ready for decision.

**2.	Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.      **Discussion:**

In her appeal brief, Plaintiff argues the following: (A) the ALJ erred by failing to properly develop the evidence in the record; (B) the ALJ erred by failing to consider evidence that detracted from his findings; (C) the ALJ failed to apply proper legal standards; and (D) the ALJ erred in finding she retained the capacity to perform her PRW. ECF No. 8 at 1-20. The Court will consider each of these arguments.

   A.   **Record Development**

Plaintiff claims the ALJ failed to fully and fairly develop the record in her case and failed to recontact her treating physician and treating physical therapist. ECF No. 8 at 11-13. As an initial

5

matter, the ALJ only has the obligation "to develop a reasonably complete record." *Clark v. Shalala,* 28 F.3d 828, 830-31 (8th Cir. 1994). Here, the transcript in this case is over 700 pages long. This transcript includes several hundred pages of medical records, including her treatment records. (Tr. 214-347, 642-757). The transcript also includes two consultative examination reports from 2014. (Tr. 746-757). Based upon this information, the Court finds this is a "reasonably complete record."

As a final point, a social security case should only be remanded for failure to develop the record where there has been a showing of prejudice or unfair treatment. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993) (holding "absent unfairness or prejudice, we will not remand"). Here, Plaintiff has made no specific showing of prejudice or unfair treatment. ECF No. 8 at 11-13. Indeed, Plaintiff merely speculates that the ALJ would have found she had greater limitations if he had further developed the record. *Id.* Thus, the Court finds Plaintiff has not made the showing required for a remand in this action to further develop the record.

### B.     Consideration of Evidence

Plaintiff claims the ALJ erred by failing to consider all of the symptoms related to her fibromyalgia, including her "IBS or depression, anxiety disorder, chronic fatigue syndrome, TMJ, and migraines or headaches." ECF No. 8 at 14. Plaintiff claims these impairments would "result in the need for daytime rest periods which would translate into unscheduled breaks and absenteeism in the work place." *Id.*

Upon review of Plaintiff's claim, the Court finds this argument is without merit. Indeed, in his opinion, the ALJ fully considered Plaintiff's alleged impairments and limitations due to her fibromyalgia. (Tr. 355-360). The ALJ, however, then decided to discount may of those alleged limitations because he found they were not credible or supported by the record. Indeed, the ALJ

noted the following regarding Plaintiff's fibromyalgia:

> Moreover, as directed by the District Court, the undersigned has evaluated the claimant's fibromyalgia in accordance with SSR Ruling 12-2 and has determined the record supports a finding that the claimant's fibromyalgia is severe but not disabling. In making this finding, the undersigned has considered the severity of the claimant's symptoms as evidenced by the medical record.  Notably, records indicated the claimant was treated routinely for pain with amitriptyline, which she specifically stated helped her more than anything else.  The evidence also shows that the claimant went to the doctor only intermittently and less often as time went by.  Further, there is no evidence she was hospitalized or that she sought or was prescribed narcotic pain relievers for severe pain.  In addition, the claimant stated she was able to perform personal care and some household chores, as well as drive herself, go out alone, attend her daughters' sporting events and go on vacation.  In addition, she testified she was able to work part-time which is indicative of her functional capacity. Moreover, the clinic notes throughout the record indicated the claimant's doctors encouraged her to remain active, perform stretching exercises and take part in a conditioning program.

(Tr. 359-360).  Based upon this assessment, the Court cannot find the ALJ erred in considering the evidence related to her Fibromyalgia.

### C.      Legal Standards

Plaintiff claims the ALJ failed to apply the proper legal standards in (1) assessing her subjective complaints, (2) considering the records from her treating physicians, and (3) assessing her RFC.  ECF No. 8 at 14-20.  The Court will address each of these separately.

#### i.      Credibility

As for her claim the ALJ erred by failing to properly consider her subjective complaints, the Court finds this argument is without merit.  In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir.

1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*

The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, as noted above, the ALJ provided several valid reasons for discounting Plaintiff's subjective complaints. These include her daily activities and her history of medical treatment or lack thereof. *See* Tr. 359-360. Plaintiff claims the ALJ misconstrued some of this evidence to "fit" his RFC determination and framework. ECF No. 8 at 14-20. Upon review, the Court finds no basis for this argument. Indeed, even though Plaintiff claims she has a given number of limitations, the ALJ is *not required* to accept all of those limitations as long as he discounts those allegations for legally-sufficient reasons. *See, e.g., Guilliams v. Barnhart,* 393 F.3d 798, 801 (credibility determination must be supported by "good reasons and substantial evidence").

### ii.     Treating Physicians

Plaintiff claims the ALJ failed to properly consider the findings of her treating physicians, including her treating physical therapist. ECF No. 8 at 17-19. Upon review, however, her "treating physicians" and physical therapist did not have many recent treatment records. As noted by the ALJ, Plaintiff "saw her primary care physician twice in 2011, and once in 2012, 2013, and 2014, primarily for medication refills." (Tr. 357). The ALJ also noted in his opinion that Plaintiff "went to the doctor only intermittently and less often as time went by." (Tr. 359). Further, the ALJ did fully consider their opinions in his decision. (Tr. 355-360). Thus, the Court cannot find the ALJ improperly applied the legal standard or improperly considered their opinions.

### iii.    RFC Determination

Plaintiff claims the ALJ erred in assessing her RFC. ECF No. 8 at 19. In making this argument, Plaintiff again appears to assume that the ALJ must adopt all of the limitations she claims.

As noted above, the ALJ provided valid reasons for not adopting those findings. Thus, the Court cannot find a basis for reversal on this issue.

### D. Past Relevant Work

Plaintiff claims the ALJ erred in determining she could return to her PRW. ECF No. 8 at 20. Upon review of this argument, Plaintiff again focuses on the limitations–headaches, severe back pain, severe neck pain, and stress–that she claims cause her to be disabled. As noted above, the ALJ did not adopt all of those alleged limitations. Thus, the ALJ was not required to consider whether they would preclude her from performing her PRW.

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 2nd day of February 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE